IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARA SIMS** § | |
| § | |
| **Plaintiff** § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| **STATE FARM FIRE AND CASUALTY** § | |
| **COMPANY,** § | |
| § | |
| **Defendant** § | |

**PLAINTIFF'S ORIGINAL COMPLAINT and DEMAND FOR JURY TRIAL**

> **Insurer arbitrarily, capriciously, or without probable cause delayed and underpaid the Policyholder's covered claims caused by Hurricane Ida**

NOW INTO COURT, CLARA SIMS ("SIMS" or "Insured" or "Plaintiff"), by and through her undersigned counsel, hereby issues her Original Complaint against STATE FARM FIRE AND CASUALTY COMPANY ("STATE FARM" or "Insurer" or "Defendant") and alleges, upon information and belief, the following:

## I.
## NATURE OF ACTION

1. SIMS seeks to recover from Defendant all damages, penalties, fees, interest, and other relief to which she is legally entitled arising from Defendant's arbitrary and capricious failure to promptly and fully pay benefits owed under its residential property policy for losses arising from a catastrophic hurricane that made landfall in Louisiana on August 29, 2021 ("Hurricane IDA") and caused significant damage to her home in which she resides.

1

## II.
## THE PARTIES

2. CLARA SIMS ("SIMS") is a person of the full age of majority domiciled in Baton Rouge, East Baton Rouge, Louisiana.

3. Defendant herein, STATE FARM FIRE AND CASUALTY COMPANY, incorporated in and organized under the laws of Illinois, with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710 is licensed to do business and is doing business in the State of Louisiana and may be served through its registered agent of service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

4. A corporation is a citizen of the state in which it has been incorporated and of the state in which it has its principal place of business. 25 U.S.C 28 U.S.C. § 1332(c)(1); see Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

5. Accordingly, STATE FARM is a Citizen of the state of Illinois for purposes of diversity jurisdiction.

6. Upon information and belief, Defendant is an admitted insurer authorized to do, and doing business, in the State of Louisiana.

## III.
## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because Defendant is not a citizen of the same state as Plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant, STATE FARM, is a licensed insurance company, incorporated in Illinois.

8. Defendant engages in the business of insurance in the State of Louisiana. The conduct of STATE FARM in the State of Louisiana includes:

(a) The making and issuing of contracts of insurance with the Plaintiff;

(b) The taking and receiving the application of insurance from the Plaintiff;

(c) The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

(d) The issuance or deliver of contracts of insurance to residents of this State or a person authorized to do business in this state, including the Plaintiff.

9. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant issued and delivered an insurance policy to the Plaintiff in Baton Rouge, Louisiana that is the subject of this action. Defendant is a corporation which is deemed to reside in any judicial district where its contacts would be sufficient to subject it to personal jurisdiction at the time the action is commenced.

## IV.
## THE POLICY

10. At all pertinent times, including August 29, 2021, Defendant provided property and casualty insurance coverage to Plaintiff's home under said contract of insurance with full replacement cost at the time listed by the insurer as described below. The insuring agreement is identified by policy number 18-CL-3152-3 for the property located at 3526 Jackson Avenue, Baton Rouge, La.

11. The insuring agreement required Plaintiff to make payments to the insurer and in exchange the insurance company would indemnify Plaintiff in the event of a covered loss. Plaintiff faithfully paid the required premium and the relevant policy is currently in full effect, providing property, personal property, loss of use, and other coverages.

12. Defendant received the application for insurance and accepted the risk for insurance and bound coverage prior to the time Hurricane Ida struck Plaintiff's home.

13. Pursuant to the terms of the policy, Defendant agreed to timely and promptly pay or reimburse Plaintiff for:

    (a) Property damage to her main dwelling;

    (b) Property damage to her other structures;

    (c) Property damage to her families' personal property;

    (d) Additional Living Expenses, which includes evacuation expenses, and loss of use of the insured property.

14. Plaintiff purchased property coverage for her home, other structures, personal belongings, and to protect them in the event she was forced to incur additional living expenses.

## V.
## DAMAGE CAUSED BY HURRICANE IDA

15. Exactly 16 years after Hurricane Katrina, Hurricane Ida made landfall in Port Fourchon, LA, on August 29, 2021, as a Category 4 hurricane, nearly a Category 5 hurricane, with wind speeds of 150 mph, and gusts of up to 172 mph. Hurricane Ida became the second most damaging and intense hurricane to make landfall in the state of Louisiana and is tied as the fifth strongest hurricane to ever hit the United States in history. The National Weather Service issued extreme wind warnings for most of Southeast Louisiana, noting that in the eyewall of Ida there were tornado-like winds of 115 mph or stronger. Hurricane winds can extend 60 miles past the eye.

16. Plaintiff's home was damaged by Hurricane Ida on August 29, 2021 (hereinafter "the Hurricane"). The Hurricane caused major damage to Plaintiff's home, rendering it "unfit to live in." The damage includes:

(a) Property damage to the roof and exterior of the home;

(b) Property damage to the interior of the home;

(c) Property damage to other structures;

(d) Property damage to personal property; and

(e) Loss of use of the property and evacuation expenses relating to the storm as well as continuing additional living expenses.

17. Plaintiff has complied with all of her duties under the policy timely.

18. Plaintiff has sustained and continues to sustain significant damages that continue and will continue for the foreseeable future until Defendant pays for all covered damages.

## VI.
## INSURER'S INADEQUATE INVESTIGATION, MISREPRESENTATIONS, DELAYS, UNTIMELY PAYMENTS, AND FAILURE TO PAY

19. The chronology of the claim activities are as follows:

| Date | Activity |
| --- | --- |
| **August 29, 2021** | Hurricane Ida damages home |
| **Date Unknown** | Hurricane Ida Claim filed with Insurer |
|  | Adjuster inspects the property and Insured shows all areas of damages |
| **January 7, 2022** | State Farm issues payment in the amount of $3,776.82 |
| **February 11, 2022** | State Farm issues payment in the amount of $3,344.35 |
| **January 17, 2023** | Brasher Law Firm sends letter of representation. |
| **February 14, 2023** | Undersigned sends updated Proof of Loss for Dwelling in the amount of $118,531.54 |
| **February 24, 2023** | Insurer responds to Proof of Loss and state that they are unable to tender payment because pictures that were provided were already included in the State Farm estimate. |

20. Insurer has offered no further information on this claim or requested any additional information from the Insured in order to complete the loss adjustment for any of the Coverages mentioned (A-C).

21. On information and belief, the investigation of the damages do not adequately account for all of the covered damages to the main dwelling, personal property, or loss of use. The Insurer has knowledge of this through its inspection as well as information received from the policyholder and this counsel pertaining to the quantum of damages caused by the covered event. As a result of the denial of coverage for the main dwelling and other structures, Plaintiff has sustained damages and continue to sustain damages.

22. On information and belief, Defendant knew on the date of its first inspection, after the Insured described and pointed out the damage to the property, that Plaintiff's residence was "unfit to live in" yet did not assit Plaintiff on any additional living expense or living arrangements. As a result, Plaintiff has been forced to move out of her home and is living with relatives and continues to incur damages for loss of use of her property. Defendant's failure to address and pay for Coverage C damages when it knew that its policyholder was suffering and continuing to incur additional living expenses and out-of-pocket expenses has caused Plaintiff to suffer continuing damage and mental anguish.

## VIII.
## CAUSES OF ACTION

COUNT 1 (BREACH OF CONTRACT)

23. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 22 of this Original Complaint.

24. As set forth above, Plaintiff entered into a contract of insurance with Defendant that provides coverage for, *inter alia,* Property Damage, Personal Property Damage, and Additional Living Expenses as well as Debris Removal and coverage for Reasonable Repairs.

25. Plaintiff has performed all conditions, covenants, and promises required to be performed in accordance with the terms and conditions of the Policy.

26. Defendant agreed and was legally and contractually required to reasonably investigate the loss, provide a reasonable and timely coverage determination, and compensate the Insured for all covered losses.

27. Defendant was required to conduct a reasonable, adequate, and diligent investigation of any claims made by the Insured. Despite this obligation, the first inspection done was inadequate, and STATE FARM has still not corrected the shortcoming of the Insurer's investigation and payment for all covered losses.

28. Moreover, Defendant has underpaid for the Property damages to Plaintiff's home, as it was given the full value of the cost of repairs as early as the date that defendant made its first inspection of damages and has yet to make this full payment.

29. Defendant agreed that coverage is owed for Plaintiff's loss of use and additional living expenses and that it would cover the costs to offset Plaintiff's expenses in that regard.

30. Notwithstanding Defendant's promises and legal and contractual requirements to pay, Defendant failed to adequately pay for Plaintiff's loss of use losses. These losses are covered by the Policy.

31. Defendant continues to fail to pay for Coverage B and C damages despite knowing that the Insured is suffering and continues to suffer damages.

32. Defendant's failure to promptly pay for the Insured's covered loss of use and personal property losses is a breach of the terms and conditions of the Policy and contrary to Louisiana Law.

33. As a direct and proximate result of the breaches by Defendant, the Plaintiff has and will continue to incur substantial loss and damage, as well as attorney's fees and costs,

experts' fees and costs, mitigation, investigation, and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

## COUNT 2

### (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/ VIOLATIONS OF LA.R.S.§ 22:1973)

34. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 33 of this Original Complaint.

35. La. R.S. §22:1973(A) provides: "An insurer, including but not limited to a foreign line and surplus line insurer, owes to her insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach."

36. La. R.S. § 22:1973(B) provides: "Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:

> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
>
> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such a failure is arbitrary, capricious, or without probable cause.
>
> (6) Failing to pay claims pursuant to R.S. 22:1893 when such a failure is arbitrary, capricious, or without probable cause."

37. Plaintiff allege and maintain that Defendant's conduct, as set forth in this Complaint, was and continues to constitute a breach of Defendant's duty of good faith and

fair dealing and its duty to "adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured." In particular, Defendant:

(a) Misrepresented pertinent facts and insurance policy provision to the Misrepresented pertinent facts and insurance policy provision to the Plaintiff;

(b) Failed to reasonably investigate and evaluate the coverages owed for the Plaintiff's claim;

(c) Undervalued the Plaintiff's claims;

(d) Failed to and continues to fail to adequately and timely communicate with the Plaintiff causing unnecessary delays, duplicative work, and additional expenses for the Plaintiff;

(e) Failed to timely pay the requisite amounts owed under the Policy;

(f) Failed to timely make an unconditional tender of the undisputed amounts owed under the Policy;

(g) Refused to pay the undisputed amounts of the claim;

(h) Failing to conduct a reasonable investigation including failing to pay for covered damages when liability for the claim is reasonably clear

(i) Acknowledged the coverage obligations owed to the Plaintiff but refused to provide coverage to the Plaintiff;

(j) Unreasonably delayed the resolution and payment of claims made by the Plaintiff under the Policy after submission of the required proofs of loss;

(k) Unreasonably withheld monetary payment of policy benefits under the Policy to the Plaintiff;

(l) Failed to provide the Plaintiff with any reasonable or justifiable basis for withholding policy benefits from the Plaintiff;

(m) Compelling its insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

(n) Failing to give equal consideration to the interests of the insureds as opposed to their own interest;

(o) Ignoring evidence submitted by or for the insured that supports payment of the claim;

  (p)  Speculating to deny or underpay the full amount of damages necessary to indemnify the insured; and

  (q)  Engaged in conduct prohibited by La. R.S. § 22:1964(14).

38. As a direct and proximate result of Defendant's conduct, the Plaintiff has and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

39. La. R.S § 22:1973(C) provides: "In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings."

40. In addition to the claimed loss and damage as set forth above, the Plaintiff seeks penalties under La. R.S. § 22:1973(C) for Defendant's acts or omissions as set forth herein.

COUNT 3

(VIOLATIONS OF LA. R.S. §22:1892)

41. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 40 of this Original Complaint.

42. La. R.S. §22:1892(A)(1) provides: "All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days

after receipt of satisfactory proofs of loss from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph."

43. La. R.S. § 22:1892(A)(4) provides: "All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim."

44. La. R.S. § 22:1892(C)(2) provides: "No insurer shall intentionally or unreasonably delay, for more than three calendar days, exclusive of Saturdays and Sundays, and legal holidays, after presentation for collection, the processing of any properly executed and endorsed check or draft issued in a settlement of an insurance claim."

45. Plaintiff alleges and maintains that Defendant has received satisfactory proofs of loss for the claimed losses and damages for which Defendant has failed to pay any amount within thirty (30) days, as prescribed by La. R.S. § 22:1892(A)(1).

46. Plaintiff alleges and maintains that Defendant failed to make any written offer to settle Plaintiff's property damage claim within thirty (30) days after Defendant received satisfactory proofs of loss of that claim, as prescribed by La. R.S. § 22:1892(A)(4).

47. Plaintiff alleges and maintains Defendant's failures as herein alleged were and are unreasonable, arbitrary, and capricious.

48. As a direct and proximate result of Defendant's failures, Plaintiff has and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation, and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

49. La. R.S. § 22:1892(B)(1) provides: "Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle and property damage claim…within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs A(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured…or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings."

50. La. R.S. § 22:1892(C)(3) provides: "Any insurer violating this Subsection shall pay the insured or claimant a penalty of two hundred dollars or fifteen percent of the face amount of the check or draft, whichever is greater."

51. In addition to the claimed loss and damage as set forth above, Plaintiff seeks penalties under La. R.S. §22:1892(B)(1) and (C)(3) for Defendant's failures as set forth herein.

COUNT 4

(BREACH OF FIDUCIARY DUTIES)

52. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 51 of this Original Complaint.

**12**

53. Defendant owes Plaintiff "a high fiduciary duty to discharge its policy obligations to it insured in good faith."[1]

54. Defendant breached the fiduciary duties it owed Plaintiff by engaging in the conduct specified above.

55. As a direct and proximate result of the unfair trade practices of Defendant, Plaintiff has and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation, and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For compensatory, general, and all consequential damages, according to proof;

2. For the full amount of policy benefits owed to SIMS under the Policy for the loss and damage sustained by SIMS as a result of Hurricane Ida, which shall include loss and/or damage arising from the following: Coverages A, B and C;

3. For all damages sustained and statutory penalties pursuant to La. R.S. §§ 22:1973(C) and 22:1892(B)(1), (C)(3);

4. For attorney's fees and costs;

5. For experts' fees and costs;

6. For mitigation, investigation and other costs and expenses;

7. For legal interest, according to proof;

8. For punitive and/or treble damages, according to proof; and

9. For all such other and further relief as this Court may deem just and proper.

---

[1] *Kelly v. State Farm Fire & Cas. Co.,* 2014-1921 (La. 5/5/15, 20), 169 So.3d 328, 341.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable to a jury and has included the requisite fee with this filing.

        Respectfully Submitted,
        THE BRASHER LAW FIRM, PLLC

By: _____
Clint Brasher
Louisiana Bar No. 29540
Joe Muckleroy
Louisiana Bar No. 30935
Nishi Kothari, Trial Attorney
Louisiana Bar No. 39655
1122 Orleans Street
Beaumont, Texas 77701
Telephone: (409) 832-3737
Facsimile: (409) 832-3838
clint@brasherattorney.com
joe@brasherattorney.com
nishi@brasherattorney.com
*Attorneys for the Plaintiff*